UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RAMON ENRIQUE MEJIAS NEGRON, | ) | CASE NO. 4:12 CV 603 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| ROBERT L. FARLEY, | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendant. | ) ) | |

On March 12, 2012, Plaintiff *pro se* Ramon Enrique Mejias Negron, an inmate at the Federal Correctional Institution at Elkton ("FCI Elkton"), filed this action against FCI Elkton Warden Robert L. Farley. The complaint makes general allegations that plaintiff is being "tortured," apparently because he continues to be characterized as mentally ill in his records at the prison. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. 2000).

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudette*,

775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

Even liberally construed, the complaint does not contain allegations reasonably suggesting Plaintiff might have a valid federal claim against this defendant. *See Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Additionally, it seems that the Plaintiff seeks a hearing or medical examination under Civil Rule 35(a). Civil Rule 35, however, is rule to be used in a pending civil action to obtain certain discovery. This rule is inapposite to the plaintiff's request for a medical or physiological examination since there is no related civil action pending, and there is no free-standing application for this discovery rule. Moreover, Plaintiff cannot use Civil Rule 35 to request an examination of himself. See *Smith v. Carroll* (D. Del. 2009), 602 F. Supp. 2d 521, 525-526 citing *Brown v. United States*, 74 Fed.Appx. 611, 614 (7th Cir.2003), cert. denied, 540 U.S. 1132, 124 S.Ct. 1107, 157 L.Ed.2d 936 (2004) (not reported) ("Rule 35, however, does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself. Instead, under appropriate circumstances, it allows the court to order a party to submit to a physical examination at the request of an opposing party.").

Accordingly, this action is dismissed under section 1915A. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.


DATE: 4/3/2012      /s/John R. Adams
    JOHN R. ADAMS
    UNITED STATES DISTRICT JUDGE